JOSIAH W. FAIRFIELD *vs.* CHARLES MCARTHUR & another.

Fraud practised by a mortgagee upon his mortgagor, in obtaining the mortgage, cannot be set up by one claiming undar a quitclaim deed from the mortgagor, in defence of an action by an assignee of the mortgagee to foreclose the mortgage, even if the assignee took the mortgage with notice of the fraud.

WRIT OF ENTRY to foreclose a mortgage made by Charles Darling and Charles A. Darling to Laban Paddock, and by him assigned to the plaintiff. Plea, nul disseisin, with a specification of defence that the mortgage was obtained from the mortgagors by fraud of the mortgagee, and that the plaintiff took the mortgage with notice of the fraud.

At the trial in the superior court, the defendants gave in evidence a quitclaim deed from Charles Darling to Charles A. Darling, and a like deed from the latter to the defendant McArthur, and offered to prove the facts stated in their specification of defence. But *Putnam,* J. ruled that these facts would constitute no defence; a verdict was taken for the plaintiff, and the defendants alleged exceptions.

*J. E. Field,* for the defendants, cited *Van Deusen* v. *Frink,* 15 Pick. 449; *Whitney* v. *Allaire,* 1 Comst. 305; Broom's Max. (3d ed.) 307, 655, 712.

*J. D. Colt,* for the plaintiff, cited 1 Hilliard on Mortgages, (1st ed.) 330; *Green* v. *Kemp,* 13 Mass. 515; *Robinson* v. *Guild,* 12 Met. 328; *Adams* v. *Barnes,* 17 Mass. 365.

DEWEY, J. The alleged fraudulent conduct on the part of Paddock, the original mortgagee, upon Darling, the mortgagor, cannot be set up by the present defendants as a defence to this action. The defendants hold their title wholly by a quitclaim deed from the mortgagor to C. A. Darling, and a similar deed from C. A. Darling to McArthur. Such quitclaim deeds do

not pass any right of action which the mortgagor may have had against Paddock for false representations or deceit in the original bargain between them, nor furnish any ground for reducing the amount for which the conditional judgment is to be entered. If any claim exists, it must be in the name of Darling, the mortgagor, or for his benefit.

The case of *Van Deusen* v. *Frink*, 15 Pick. 449, was not like the present. It was a case where a creditor of the grantor sought to avail himself of a fraud practised upon his debtor in obtaining from him a release of an equity of redemption, and, having levied on the equity as still subsisting, was allowed to set aside the release for such fraud, in a bill to redeem the estate from the incumbrance of the mortgage, which was held by the party alleged to have practised the fraud.

*Exceptions overruled*